IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**MICHAEL ANTHONY PHILLIPS,**

    **Petitioner,**

v.                                                         **Case No. 1:15-cv-04966**

**SHERIFF RANDALL TUCKER[1],**
**Madison County Detention Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, which was filed on April 20, 2015. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 4). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM

The petitioner is a federal inmate who, at the time he filed the instant petition, was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia. The petition challenges an institutional disciplinary action taken against him at FCI Miami in 2014, for possession of contraband consisting of a cellular phone. Following a

---

[1] The petitioner is presently in custody on a federal writ at the Madison County Detention Center in Canton, Mississippi. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Sheriff Randall Tucker, who is believed to be his current custodian, as the respondent herein. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas corpus petition is the petitioner's immediate custodian).

hearing before a Disciplinary Hearing Officer ("DHO"), the petitioner was found guilty of the charge and sanctioned with the disallowance of 40 days of good conduct time ("GCT"), 60 days of disciplinary segregation, and one year loss of telephone privileges. The instant petition asserts both substantive and procedural due process violations resulting from these disciplinary proceedings.

On April 8, 2016, the undersigned issued an Order to Show Cause, directing the respondent to file a response to the petitioner's section 2241 petition. (ECF No. 7). The respondent, by counsel, filed a response to the petition on April 29, 2016. (ECF No. 10). On May 6, 2016, the petitioner filed a Reply. (ECF No. 11). This matter is ripe for adjudication.

## ANALYSIS

The respondent's Response addresses the Bureau of Prisons' ("BOP") rules for inmate discipline, which are found in 28 C.F.R. Part 541 *et seq.* According to these rules, where a staff member believes an inmate has violated a BOP regulation, the staff member prepares an incident report and provides the inmate with a written copy of the charges against him, normally within 24 hours of when staff becomes aware of the alleged violation. *See* 28 C.F.R. § 541.5(a). Thereafter, an investigating officer is assigned to inform the inmate of the charges and take a statement from the inmate. An inmate is advised that he has a right to remain silent, but that an adverse inference may be drawn from his silence, which may, alone, be used to support a finding that he committed the prohibited act. *Id.*, § 541.5(b).

Next, a Unit Disciplinary Committee ("UDC") will review the incident report, usually within five days of its issuance. The inmate is permitted to appear and make a statement and present documentary evidence before the UDC either in person or

electronically, except during the UDC's deliberations, or if institutional security would be jeopardized by his presence. *Id.*, §§ 541.7(c), (d), and (e). The UDC then makes a decision based upon at least some evidence, and if there is conflicting evidence, based upon the greater weight thereof. *Id.*, § 541.7(e).

The UDC may determine whether or not the inmate committed the prohibited act as charged, or refer the case to a Disciplinary Hearing Officer ("DHO") for further proceedings. *Id.*, § 541.7(a)(1)-(H). When charges are referred to the DHO, the UDC advises the inmate of the rights afforded to him at the DHO hearing. *Id.*, § 541.7(g). An inmate may request to have a staff representative and/or witnesses at the DHO hearing. *Id.*, § 541.8. At the hearing, the inmate may make a statement, present documentary evidence, and present witnesses on his behalf, subject to institutional security issues. *Id.*, § 541.8(f).

The DHO considers all evidence presented at the hearing and determines whether or not the inmate committed the infraction, or whether further investigation is needed. *Id.*, § 541.8(a). The DHO prepares a record of the proceedings, which need not be verbatim. The record documents the advisement of the inmate's rights, the DHO's decision, the evidence relief upon in making the decision, and the reasons for the sanctions imposed. *Id.*, § 541.8(h).

According to the respondent's Response, on May 25, 2014, while housed at FCI Miami, a correctional officer completed Incident Report No. 2587050, charging the petitioner with a violation of prohibited act code 108, Possession of a Cell Phone, after the correctional officer found the device in the petitioner's underwear during a search. (ECF No. 10, Ex. 1, Attach. A, § 11). The petitioner received a copy of the incident report on May 26, 2014 at 7:15 a.m. (*Id.*, §§ 15, 16). The Lieutenant tasked with conducting an

investigation into the incident advised the petitioner of his rights that same day. (*Id.*, §§ 23, 24). The petitioner responded, "I have no comment." (*Id.*, § 24).

A UDC hearing was held on May 28, 2014. (ECF No. 10, Ex. 1, Attach. A, § 21). Again, the petitioner told the UDC that he had "no comments." (*Id.*, § 17). The incident report was forwarded to a DHO for further proceedings. (*Id.*, §§ 18, 19).

The petitioner was provided with a Notice of Disciplinary Hearing Before the DHO on May 28, 2014. (ECF No. 10, Ex. 1, Attach. B). The petitioner did not request a staff representative or that any witnesses be made available for the hearing. (*Id.*) The petitioner was also provided with a form advising him of his rights at the DHO hearing. (ECF No. 10, Ex. 1, Attach. C).

A DHO hearing was held on May 29, 2014. (ECF No. 10, Ex. 1, Attach. D). At the hearing, the petitioner was advised of his rights, and he acknowledged that he understood those rights. The petitioner admitted the accuracy of the incident report, stating, "I had it. I bought it for $1,400.00." (*Id.* at Part III, § B, and Part V). However, the DHO's Report, drafted after the hearing, mistakenly indicated that the petitioner had requested a witness and that the witness appeared and provided testimony at the hearing. (*Id.* at Part III, § C).

The DHO found that the petitioner committed the prohibited act and, thus, violated code 108. (*Id.* at Parts IV and V). The DHO Report indicates that the DHO considered the reporting officer's statement, the petitioner's statement that he bought the phone for $1,400.00, and the physical evidence, consisting of photographs of the cell phone. (*Id.* at Part V).

The DHO imposed the sanctions set forth *supra.* (*Id.* at Part VI). The DHO documented that the sanctions were imposed because of the severity of the offense and to

4

deter such conduct in the future.  The DHO further noted that the petitioner's conduct reflected poor institutional adjustment and behavior.  (*Id.* at part VII).  The petitioner was advised of his appeal rights.  (*Id.*, at Part VIII).  The petitioner was provided a copy of the DHO Report on May 30, 2014.  (*Id.* at Part IX).  However, on June 25, 2014, the DHO issued an amended report correcting the typographical error concerning the appearance of a witness.  (ECF No. 10, Ex. 1, Attach. E).  The petitioner fully appealed the disciplinary action through the administrative remedy process.  Accordingly, as acknowledged by the respondent, he has properly exhausted his administrative remedies.  (ECF No. 10, Ex. 1, ¶ 4).

The petitioner contends that his Fifth Amendment right to due process was violated during and prior to these prison disciplinary proceedings.  Prison disciplinary proceedings are not criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Therefore, prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in . . . [criminal] proceedings." *Id.*  When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

   1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

   2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

   3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

   4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

      5.      providing impartial fact finders.

*Id.* at 564-571.

In the present case, the undersigned finds that the petitioner was provided all the process required for an institutional disciplinary proceeding. The record demonstrates that the petitioner received written notice of the charge against him more than twenty-four (24) hours before the hearing before the DHO because he received the Incident Report setting forth the charges on May 26, 2014, and the hearing before the DHO was held on May 29, 2014. Additionally, the petitioner was properly advised of his rights with respect to appearance and presentation of evidence at the proceeding, during which he admitted to committing the offense.

Although he declined both, the petitioner was afforded the opportunity to have a staff representative and to call witnesses on his own behalf during his disciplinary hearings and was able to present a defense. Furthermore, the petitioner was provided with an impartial fact finder during his disciplinary hearings. In accordance with BOP regulations, the DHO did not act as the reporting official, investigating officer, UDC member, or witness and did not play a role in referring the charges.

After the disciplinary hearings, the petitioner was provided with a report summarizing the hearing, which included a statement of the evidence upon which the DHO had relied, and the reasons for the petitioner's sanctions. Although the initial report contained a typographical error concerning the appearance of a witness, who did not actually appear, there is nothing in the record to indicate that the DHO misunderstood the evidence presented and considered in this matter. Accordingly, the error was harmless. Furthermore, the petitioner's contention that the DHO was without jurisdiction to correct the report because the petitioner had already instituted his appeal

of the decision is without merit. *See, e.g. Lamont Gentry Falls v. Fondren*, No. 09-cv-49, 2009 WL 10678803 (D. Minn. July 6, 2009) ("The DHO was within his jurisdiction to reconsider this case while Falls' appeal was still pending . . . . because the Administrative Remedy Procedures do not provide otherwise."); *Powell v. Coughlin*, 953 F.2d 744 (2d Cir. 1991) (harmless error analysis applies to inmate disciplinary proceedings); *Roberson v. Sepanek*, No. 11-cv-00038, 2012 WL 639465, *4 (E.D. Ky. Feb. 27, 2012) (procedural errors in inmate disciplinary process subject to harmless error); *Marin v. Bauknecht*, No. 8:07-cv-165, 2007 WL 3377152 (D.S.C. Nov. 9, 2007) (inmate failed to show that amendment of typographical error in inmate disciplinary report caused him prejudice).

Moreover, in light of the petitioner's admission that he possessed the cell phone, there was more than ample evidence to support the DHO's finding of guilt and the sanctions imposed. Thus, there is no basis to find a violation of either the petitioner's procedural or substantive due process rights with respect to these disciplinary proceedings and the resulting sanctions, including the loss of 40 days of GCT.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the instant petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts


Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to the petitioner at the following address where he is presently incarcerated: **Michael Anthony Phillips, Local ID # BK0000073825-001, Madison County Detention Center, 2935 U.S. Highway 51 South, Canton, MS 39046.**

April 24, 2018

Dwane L. Tinsley
United States Magistrate Judge